Rodríguez García, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Por medio de la presentación de un recurso de apelación, comparecen ante este Tribunal los co-demandados Kuty Fashionwear, Inc. (en adelante "Kuty"), Obed Rivera Rivera ("Rivera") y Gloria Torres Román ("Torres"). Estos interesan la revocación de una sentencia sumaria emitida por el Tribunal de Primera Instancia, Sala Superior de Mayaguez, el día 3 de junio de 1998. El dictamen apelado declaró con lugar una demanda sobre incumplimiento contractual y cobro de dinero instada por Oriental Bank & Trust (en adelante "Oriental") contra los apelantes Kuty, Rivera, Torres y también contra la señora Virginia Rivera Joumet (en adelante "Joumet"), quien no comparece como parte apelante. 
El dictamen que nos ocupa dejó sin resolver lo relativo a una reconvención instada por la parte demandada, Kuty, Inc. Debido a que al mismo no se le imprimió finalidad conforme a lo dispuesto en la Regla 43.5 de las de Procedimiento Civil vigentes, 32 L.P.R.A. Ap. III, R. 43.5, el vehículo procesal apropiado para su revisión por este Tribunal lo es la solicitud para que se expida un auto de certiorari y no el recurso de apelación, según discutiremos más adelante, por lo que así habremos de considerarlo.
Luego de examinar los alegatos de las partes y los documentos que nos han sido sometidos, resolvemos que resulta procedente denegar la expedición del auto solicitado.
1. Trasfondo Fáctico
Mediante un escrito fechado el día 12 de abril de 1996, Oriental presentó ante el Tribunal de Primera Instancia una demanda contra la corporación Kuty Fashionwear, Inc. y, además, contra Gloria E. Torres Román, Virginia Rivera Joumet, Obed Rivera, sus respectivos cónyuges y las correspondientes Sociedades de Gananciales por ellos compuestas. [Apéndice de la Apelación, págs. 1 y 2. En su acción, Oriental alegó haber otorgado un contrato de arrendamiento de bienes muebles con Kuty, Inc., cuyo cumplimiento fue garantizado personalmente por Torres, Rivera y Joumet. [Ibid., pág. 1] Oriental alegó además que, a pesar de los varios avisos y gestiones extrajudiciales de cobro efectuados por la arrendadora, Kuty, Inc. no efectuó los pagos a que estaba obligada bajo el contrato de arrendamiento, en claro incumplimiento del acuerdo concertado por las partes. Al amparo de sus alegaciones, Oriental solicitó al tribunal que declarara con lugar la acción incoada y ordenara a las *1028 co-demandadas Kuty, Inc., Torres, Rivera y Joumet el pago de la suma de $65,180.48, los intereses legales desde la presentación de la demanda, costas y gastos legales y la suma de $19,554.14 por concepto de honorarios de abogado, "conforme a los términos y condiciones del contrato". [Apéndice de la Apelación, pág. 2]. Oportunamente, tanto Kuty, Inc. como los co-demandados Torres y Rivera, presentaron sus respectivas contestaciones a la demanda instada en su contra. [Apéndice de la Apelación, págs. 8 a 12; Apéndice de la Oposición, págs. 1-21. Tanto Torres como Rivera admitieron que en 23 de mayo de 1993, Kuty, Inc. y Oriental otorgaron un contrato de arrendamiento y que ellos (Torres y Rivera) suscribieron "una fianza"-, además levantaron varias defensas afirmativas. [Apéndice de la Apelación, págs. 11 y 12; Apéndice de la Oposición, págs. 1 y 2].
Por su parte, Kuty, Inc. admitió haber otorgado con Oriental el contrato de arrendamiento en cuestión y, como parte de sus defensas afirmativas, acusó a oriental de actuar de mala fe y no tener "las manos limpias" como litigante; atacó la validez del contrato otorgado entre las partes; alegó que Oriental estaba impedida de reclamar los cánones vencidos por haberla despojado de la maquinaria alquilada y, por lo tanto, de los medios para generar ingresos, e impugnó la validez de la reposesión y venta del equipo arrendado, entre otras defensas. [Apéndice de la Apelación, pág. 9]. Como parte de su escrito, Kuty, Inc. presentó, además, una reconvención contra Oriental, la cual transcribimos a continuación:

"RECONVENCION

1. Que la actuación de mala fe de la demandante al impedir que el arrendatario retuviera los medios para generar ingresos y pagar los cánones de arrendamiento, impidió que la compareciente pudiera cumplir con los compromisos contractuales que tenía, causándole pérdidas de ingresos por la suma de $250,000.00 dólares.

2. Que la actuación de mala fe de la demandante al proceder a vender la maquinaria a espaldas de la demandada le impidió a esta [sic] asegurarse de que ésta se vendiese a un valor de mercado, recobrando así una cantidad de dinero tras pagar la deuda alegada.

3. Que la actuación de mala fe de la demandante, contribuyeron [sic] sustancialmente al colapso financiero total de la demandada, teniendo que cerrar sus operaciones.

4. Que las actuaciones descritas en los párrafos 2 y 3 de esta reconvención le causaron daños que se estiman en por lo menor [sic] $500,000.00 dólares." [Apéndice de la Apelación, pág. 10].
Luego de varios incidentes procesales, a través de un escrito con fecha del día 2 de febrero de 1998, Oriental presentó una moción en la que solicitó al Tribunal de Primera Instancia que dictara sentencia sumariamente a su favor. [Apéndice de la Apelación, págs. 15 a 44]. Dicha moción fue acompañada de varios documentos en apoyo de las alegaciones esgrimidas por Oriental. [Apéndice de la Apelación, págs. 21 a 44]. El día 27 de abril de 1998, Torres presentó ante el Tribunal de Primera Instancia un escrito denominado "Moción en oposición a que se Dicte Sentencia Sumariamente" a la cual anejó una serie de documentos. [Apéndice de la Apelación, págs. 45 a 73. Resumidamente, en su escrito Torres argumentó que no procedía que se dictara sentencia sumariamente, toda vez que, alegadamente, existían controversias de hechos que impedían al Tribunal resolver el caso por medio de tal vehículo procesal. Específicamente, Torres argumentó que había controversia en cuanto a si la cantidad de dinero reclamada por Oriental era correcta. Esta alegó no tener los elementos de juicio para determinar la corrección de la suma reclamada por Oriental, toda vez que la arrendadora había omitido presentar una parte del contrato de arrendamiento denominada "Equipment Endorsment" [sic], la cual debía contener detallados los equipos arrendados, el precio por unidad pagado por la arrendadora, los cargos por financiamiento, la tasa de interés, cantidad financiada y el costo de los seguros correspondientes. [Apéndice de la Apelación, pág. 2].
Por otro lado, entre las partidas reclamadas por Oriental, se incluyó la suma de $19,554.14 por concepto de honorarios de abogado, "conforme a los términos y condiciones del contrato." En su oposición a que se dictara sentencia sumariamente, Torres explicó que en la vista celebrada el día 16 de diciembre de 1997, el Tribunal de Primera Instancia solicitó a Oriental que le indicara en qué lugar del contrato se pactó lo relativo a los honorarios de abogado a ser pagados por la parte demandada en *1029 caso de incumplimiento de sus obligaciones contractuales. Torres expone que mediante una moción, fechada en 19 de diciembre de 1997, Oriental indicó al tribunal sentenciador que dicho pacto de honorarios de abogado surgía del inciso 15 del contrato de arrendamiento, y que de un examen de dicha cláusula surge que la misma nada establece en cuanto al asunto. [Apéndice de la Apelación, pág. 49].
Posteriormente, fechada en 9 de mayo de 1998, Oriental presentó una "Réplica a Moción en Oposición a que se Dicte Sentencia Sumaria". (Apéndice de la Apelación, págs.74 - 86). En la misma Oriental expresó que anteriormente, en la contestación a un interrogatorio que le fuera cursado por Torres, ya había desglosado las partidas reclamadas. No obstante lo anterior, mediante declaración jurada de uno de sus funcionarios, Oriental hizo un desglose más detallado de las partidas reclamadas y, además, anejó la parte faltante del contrato, según solicitada por Torres en su oposición a que se dictara sentencia sumariamente. (Apéndice de la Apelación, págs. 78 a 86]. 
En cuanto al pacto de honorarios de abogado, Oriental aclaró que por un error tipográfico, en su moción del día 19 de diciembre de 1997, había indicado que dicho pacto surgía del inciso 15 del contrato de arrendamiento, cuando la realidad era que el referido acuerdo se encontraba contenido en el inciso 13-B del documento. [Apéndice de la Apelación, págs. 76 y 77].
Así las cosas, el día 3 de junio de 1998, el Tribunal de Primera Instancia, Hon. Luis Rivera Román, Juez, emitió una sentencia en la cual declaró con lugar la demanda presentada por Oriental. [Apéndice de la Apelación, págs. 88 a 91]. En el dictamen se dispuso que Kuty, Inc., Rivera y Torres son solidariamente responsables de pagar a Oriental la suma de $65,105.48 de principal, intereses legales desde la presentación de la demanda, las costas del proceso y $5,000.00 por concepto de honorarios de abogado. [Ibid., págs. 90 y 91].
Ante lo resuelto por el tribunal sentenciador, oportunamente Kuty, Inc., Torres y Rivera instaron el presente recurso de apelación y nos plantean los siguientes señalamientos de error:

"1. Cometió error el Honorable Tribunal de Instancia al dictar sentencia sumaria ante el contrato incompleto, habiéndo [sic] sido este hecho objetado y traído a tiempo a la atención del Honorable Tribunal.

2. Cometió error el Honorable Tribunal de Instancia al concluir [sic], sin evidencia alguna, que no existía controversia de hechos en cuanto a que la parte demandada recibió de la demandante el aviso conteniendo la notificación de las ofertas realizadas por terceros para adquirir el equipo.

3. Erró el Honorable Tribunal al proceder a dictar sentencia sumariamente de forma contraria a las disposiciones de la Regla 43.5 de Procedimiento Civil."

Ante el cuadro fáctico y procesal descrito, y luego de un análisis ponderado del caso de autos, resolvemos, según indicado, que procede denegar la expedición del auto de certiorari solicitado.
II. El Derecho y su Aplicación a los Hechos.
A. Primer señalamiento de error:

"1. Cometió error el Honorable Tribunal de Instancia al dictar sentencia sumaria ante el contrato incompleto, habiendo (sic] sido este hecho objetado y traído a tiempo a la atención del Honorable Tribunal."

En la consideración de si existe o no una controversia de hecho para determinar la procedencia de una moción para que se dicte sentencia sumariamente, un tribunal no tiene que limitarse a considerar las declaraciones que acompañan la moción, sino que puede tomar en cuenta todos los documentos que obren en los autos. Flores v. Municipio de Caguas, 114 D.P.R. 521 (1983).
Como vimos, en su "Moción en Oposición a que se Dicte Sentencia Sumariamente", Torres se limitó a alegar no tener los elementos de juicio para determinar si la cantidad reclamada por Oriental era la *1030 correcta, toda vez que esta última no había presentado la totalidad del contrato de arrendamiento. A pesar de sus argumentos, ninguno de los documentos presentados por Torres demostró la existencia de una controversia de hechos sobre el monto de la cantidad adeudada. No obstante lo anterior, en la "Réplica a Moción en Oposición a que se Dicte Sentencia Sumaria" presentada por Oriental, ésta produjo la totalidad del contrato de arrendamiento y, además, una declaración jurada en la que desglosó clara y detalladamente la suma adeudada. Los hechos establecidos por Oriental no fueron refutados, de forma tal que se demostrara la existencia de una controversia sustancial sobre los mismos. La parte faltante del contrato de Arrendamiento, según señalada por Torres en su oposición a la sentencia sumaria, fue suplida oportunamente por Oriental y constaba en el expediente del caso al momento en que el tribunal sentenciador dictó la sentencia apelada. El contenido de la porción del contrato añadido por Oriental no hizo otra cosa que confirmar y fortalecer sus argumentos, por lo que resulta inmeritorio el primer señalamiento de error.
B. Segundo señalamiento de error
"2. cometió error el Honorable Tribunal de Instancia al concluir [sic], sin evidencia alguna, que no existía controversia de hechos en cuanto a que la parte demandada recibió de la demandante el aviso conteniendo la notificación de las ofertas realizadas por terceros para adquirir el equipo."
En el escrito de apelación presentado por Kuty, Inc., Torres y Rivera, estos se amparan en las disposiciones de la Ley Para Reglamentar los Contratos de Arrendamiento de Bienes Muebles, Ley Núm. 76 del 13 de agosto de 1994, 10 L.P.R.A. see. 2401 y ss., (en adelante "Ley 76") y argumentan que no se les notificó debidamente de las ofertas realizadas por terceras personas a Oriental para la adquisición del equipo reposeído por dicha arrendadora, conforme a las disposiciones de dicho estatuto.
Por un lado, es menester aclarar que la referida Ley Núm. 76, supra, no es de aplicación al contrato de arrendamiento otorgado por las partes. El Art. 3 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3, establece:

"Las leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario."

En ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior.
La Ley Núm. 76, supra, no dispone expresamente que tenga efecto retroactivo, por lo que, de conformidad con el Art. 3 del Código Civil, supra, dicha ley es de aplicación prospectiva. El contrato de arrendamiento de bienes muebles suscrito entre Kuty, Inc. y Oriental fue suscrito en 21 de mayo de 1993, más de un año antes de la aprobación de la mencionada Ley 76, por lo que la misma no es de aplicación al caso que nos ocupa.
Por otra parte, en nuestra jurisdicción rige el principio de la autonomía de la voluntad en la contratación. Unisys v. Ramallo Brothers, 128 D.P.R. 842 (1991). A esos efectos, el Art. 1207 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3372, establece:

"Los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público."

Por su parte, el Art. 1044 del mismo cuerpo normativo, 31 L.P.R.A. see. 2994, expresa:

"Las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes, y deben cumplirse al tenor de los mismos."

En cuanto a los apelantes Torres y Rivera, la cláusula número dos (2) del contrato denominado "Individual Guaranty", suscrito por ambos, en lo pertinente expresa:

"Guarantors hereby waive notice of acceptance hereof and of all notices and demands of any kind to which they may be entitled, including without limitations all demands of payment on a notice of non 
*1031
payment, protest and dishonor to them, or Lesee, or the makers or endorsers of any notes or other instruments for which they are or may be liable hereunder."

Como podemos apreciar, tanto Torres como Rivera renunciaron a su derecho a cualquier tipo de notificación a la que de otra manera hubiesen sido acreedores. Estos no pueden argumentar válidamente y sin ir en contra de sus propios actos, que el hecho de no haber sido notificados individual y personalmente de las ofertas hechas por terceras personas a Oriental para adquirir el equipo reposeído invalide el procedimiento de reposesión y venta de dicho equipo.
En cuanto a la apelante Kuty, Inc., como anejo al escrito en oposición a que se dictara sentencia sumaria presentado por Torres, se incluyó una carta certificada con acuse de recibo, fechada en 14 de septiembre de 1995. [Apéndice de la Apelación, pág. 651. En la misiva, Oriental notificó a la corporación apelante la oferta que se le había hecho por el equipo reposeído y apercibió a Kuty, Inc. de la oportunidad de hacer una mejor oferta por el equipo o, en su defecto, de la inminente venta del mismo al mejor postor y del cargo de cualquier pérdida a la cuenta de la corporación. [Ibid.].
Así, resulta claro que a Kuty, Inc. se le notificó oportunamente la oferta que recibiera oriental por el equipo reposeído y su derecho de mejorar dicha oferta. El segundo error señalado no se cometió.
C. Tercer señalamiento de error

"3. Erró el Honorable Tribunal al proceder a dictar sentencia sumariamente deforma contraria a las disposiciones de la Regla 43.5 de Procedimiento Civil."

En cuanto a este señalamiento de error, tienen razón los co-demandados-recurrentes. La Regla 43.5 de las de Procedimiento Civil vigentes, 32 L.P.R.A. Ap. III, R. 43.5, expresa:

"Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia, [sic]

Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que a ella respecta los términos dispuestos en las Reglas 47, 48 y 53.

En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa como se denomine, que adjudique menos del total de las reclamaciones no terminará el pleito con respecto a ninguna de las reclamaciones y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte, en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones."

El Art. 4.002 de la Ley de la Judicatura de 1994, según enmendada por la Ley Núm. 248 del 25 de diciembre de 1995, en su inciso "a" establece:
El Tribunal de Circuito de Apelaciones conocerá en los siguientes asuntos:

"a) Mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición."

Por su parte, el inciso de dicha Ley de la Judicatura, según enmendada, expresa en parte:

”F) Mediante auto de Certiorari expedido a su discreción, de cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso 
*1032
de su abolición.

Como hemos visto, dentro del caso que nos ocupa habían planteadas dos acciones judiciales simultaneas: la demanda por incumplimiento de contrato y cobro de dinero presentada por Oriental y la reconvención por daños y peijuicios instada por Kuty, Inc., en contra de la entidad arrendadora. Sin embargo, de un exámen de la "Sentencia" dictada por el Tribunal de Primera Instancia, se desprende que dicho foro sólo resolvió los planteamientos relativos a la demanda incoada por Oriental; no obstante, nada se expresó en tomo a la reconvención instada por la co-demandada Kuty, Inc., en contra de Oriental, por lo que tal reclamación quedó pendiente de ser adjudicada.
Ante las circunstancias descritas y a la luz de la normativa procesal reseñada, resulta claro que para que el dictamen emitido por el foro de primera instancia constituyera una sentencia parcial final y, por ende, fuera revisable a través del recurso de apelación, era necesario que el juzgador consignara de forma expresa el lenguaje ritual requerido por la Regla 43.5 de las de Procedimiento Civil, supra, lo cual no se hizo en este caso. Al quedar por dirimir la reconvención instada por Kuty, Inc. dentro del pleito, e incumplirse los requisitos de la Regla 43.5, supra, la sentencia dictada por el Tribunal de Primera Instancia nunca adquirió finalidad y constituye un dictámen interlocutorio no revisable por medio del recurso de apelación sino bajo el auto discrecional del certiorari. Asociación de Propietarios v. Santa Bárbara Co., 112 D.P.R. 33 (1982).
Por los fundamentos antes expuestos, y considerado el recurso propiamente como lo que es, una solicitud para para la expedición de un auto de certiorari, resolvemos que resulta procedente denegar la expedición del auto solicitado. Notifíquese. Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General